IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMAR GURDINE,** | : CIVIL ACTION NO. 1:23-CV-262 |
| **Plaintiff** | : |
| | : (Judge Conner) |
| v. | : |
| **BERNADETTE MASON,** *et al.*, | : |
| **Defendants** | : |

**MEMORANDUM**

  This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Lamar Gurdine, alleges that defendants are violating his civil rights by failing to provide a separate religious service for members of the Nation of Islam. The case is proceeding on Gurdine's amended complaint. Defendants have moved to dismiss the amended complaint to the extent it asserts claims against defendant Mason. The motion will be granted.

**I.**  **Factual Background & Procedural History**

  Gurdine has been incarcerated in Mahanoy State Correctional Institution ("SCI-Mahanoy") at all relevant times. He filed his original complaint on January 24, 2023, in the Schuylkill County Court of Common Pleas. (Doc. 1-1). Defendants removed the case to this district on February 13, 2023, pursuant to 28 U.S.C. § 1441. (Doc. 1). Defendants moved to dismiss the original complaint on March 15, 2023. (Doc. 5). We granted the motion in part and denied it in part on November 17, 2023, dismissing all claims against defendant Mason without prejudice for failure to allege personal involvement but denying the motion in all other respects. (Docs. 10-11).

We granted Gurdine leave to file an amended complaint on or before December 17, 2023. (Id.) Gurdine did so on December 13, 2023, and the court received and docketed the amended complaint on December 20, 2023. (Doc. 12).

According to the amended complaint, Gurdine, a member of the Nation of Islam, filed a request for separate Nation of Islam religious services in SCI-Mahanoy on September 9, 2019. (Doc. 12 ¶ 8). The request was approved on January 3, 2020, by Reverend Ulli Klemm, the Pennsylvania Department of Corrections' Bureau of Treatment Services designee. (Id. ¶ 9). Because no faith leader could be located to lead the Nation of Islam service, the prison arranged for sixty-minute video services to begin in March 2020. (Id. ¶ 10). The start date was postponed, however, when the DOC implemented a statewide lockdown in March 2020 due to the COVID-19 pandemic. (Id. ¶ 11).

On November 11, 2020, Gurdine sent a request for Nation of Islam services to begin; for him to be allowed to purchase Nation of Islam religious material; and for an outside faith leader in the Nation of Islam to be contacted to lead the religious services. (Id. ¶ 12). Defendant Scott, SCI-Mahanoy's chaplaincy program director, allegedly responded to the request on December 9, 2020 and stated that no visitors could enter the prison until COVID-19 restrictions were lifted, that the prison had previously contacted a local mosque to inquire about a religious leader who could lead Nation of Islam services but had received no response, and that Nation of Islam library material would be available in the prison library in the near future. (Id. ¶¶ 6, 13).

2

The prison allegedly resumed religious services in October 2021 but did not begin conducting services for the Nation of Islam. (Id. ¶ 14). Gurdine requested that the prison begin conducting Nation of Islam services again on December 28, 2021. (Id. ¶ 15). Defendant MacKnight, the prison's corrections classification and programs director, allegedly denied the request, stating that the services could not begin until an outside faith leader could be found who could conduct the services. (Id. ¶¶ 5, 16). The amended complaint names as defendants Scott, MacKnight, and Mason, SCI-Mahanoy's superintendent. (Id. ¶¶ 4-6). The complaint alleges that defendants violated Gurdine's right to freedom of religion under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Pennsylvania Constitution, and Pennsylvania's Religious Freedom Protection Act ("RFPA") and violated his right to equal protection under the Fourteenth Amendment. (Id. ¶¶ 21-24). Gurdine seeks damages and a permanent injunction requiring defendants to allow Nation of Islam religious services to commence in SCI-Mahanoy. (Id. ¶¶ 25-27).

Defendants moved to dismiss the amended complaint in part on January 2, 2024, seeking dismissal of Gurdine's claims against defendant Mason for failure to allege personal involvement. (Docs. 13-14). Briefing on the motion is complete and it is ripe for review. (Docs. 14, 16).

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the

3

court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

4

U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. 957, 960 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Gurdine brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation.  Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018).  The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Rather, for a supervisor to be liable for the

actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id.

We agree with defendants that the amended complaint again fails to allege the personal involvement of defendant Mason. The only allegations Gurdine has added to the amended complaint to show that Mason was personally involved in the alleged violations of his civil rights are that Mason "failed to adequately instruct, supervise, and discipline subordinates at SCI-Mahanoy," failed "to provide an approved [Nation of Islam] religious service at SCI-Mahanoy," and "should have known that her staff were inadequately trained, supervise[d], and disciplined." (Doc. 12 ¶¶ 17-19). These conclusory allegations of personal involvement are not entitled to the assumption of truth. See Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (quoting Twombly, 550 U.S. at 555)). And even if the allegations were entitled to the assumption of truth, they would merely establish that Mason held a supervisory role in the prison, which is not a sufficient basis to allege personal involvement. See Rode, 845 F.2d at 1207. We will accordingly dismiss the claims against Mason for lack of personal involvement.

Before dismissing a civil rights claim for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will deny leave to amend the claims against Mason as futile. Gurdine has had multiple

6

opportunities to state a claim upon which relief may be granted against Mason and has failed to do so.

## IV. Conclusion

We will grant defendants' partial motion to dismiss and dismiss the claims against defendant Mason without further leave to amend. The case shall proceed as to Gurdine's claims against defendants MacKnight and Scott. An appropriate order shall issue.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   May 8, 2024